UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY S. TIFT,<br><br>     Plaintiff,<br> v.<br><br>PETER P. MCFADDEN et al.,<br><br>     Defendants. | CASE NO. 2:23-cv-00999-TL<br><br>ORDER REQUIRING SERVICE OF PROCESS AND FURTHER BRIEFING |

This matter comes before the Court on Plaintiff Gregory Tift's deficient response to the Court's Order to Show Cause. Dkt. Nos. 8–10. Plaintiff is a Bar Order litigant in this District. *See Gregory S. Tift v. Michael D. Ball, et al.*, C07-276, 2008 WL 11389469 at *6 (W.D. Wash. May 16, 2008).

### I. BRIEF BACKGROUND

The Order to Show Cause required Plaintiff to: (1) file proof of service or waiver from each Defendant, or show cause for failure to complete service; (2) show cause why nominal defendant Bank of America should not be dismissed from this lawsuit given that no summons

ORDER REQUIRING SERVICE OF PROCESS AND FURTHER BRIEFING - 1

has been requested for it; and (3) file a "'Rule 11 Certification' providing the factual and legal basis for [each] claim and detailing how that claim falls outside of the Bar Order's scope." Dkt. No. 8 at 2–3.

## II.     ANALYSIS

Plaintiff filed certificates of service on the docket on November 4, 2023, and a timely response to the Order to Show Cause on November 12, 2023. Dkt. Nos. 9, 10. However, Plaintiff has failed to satisfy any of the Court's directives.

The certificates of service show proof of correct service on only one of the named defendants. According to the summons form submitted, Plaintiff effectuated personal service on Defendant Peter McFadden on October 23, 2023. Dkt. No. 9 at 2. Plaintiff also filed priority mail receipts with recipient signatures dated July 14 and July 17, 2023, for Defendant McFadden, "ATTN M EDWARDS" at the Internal Revenue Service ("IRS") office in Seattle, and someone at "TAX DIVISION US DEPARTMENT OF JUSTICE TAX BOX" in Washington, D.C. (exact address undisclosed) respectively. Dkt. Nos. 10 at 4, 10-1 at 6–8. These receipts are insufficient to serve either the United States or the IRS, a United States agency. To sue either of these entities, the Federal Rules of Civil Procedure additionally require, at minimum, service on the the United States attorney's office in this District as well as the Attorney General of the United States. Fed. R. Civ. P. 4(i)(A), 4(i)(1)(B), and 4(i)(2).[1] Plaintiff has not served the local United States attorney's office, nor has he served the Attorney General at the correct address.

---

[1] The Internal Revenue Service has previously raised improper service as a defense in motions to dismiss in at least two prior lawsuits filed by Plaintiff. *See Tift v. Internal Revenue Serv. & Richard Ped* ("*Tift I*"), C11-1673, Dkt. No. 11 at 4 (W.D. Wash. Oct. 6, 2011); *Tift v. Internal Revenue Serv. & Mel Hammer* ("*Tift II*"), C08-332, Dkt. No. 7 at 6–7 (W.D. Wash. March 31, 2008). Both lawsuits were dismissed. *Tift I*, C11-1673, Dkt. No. 20 (W.D. Wash. Feb. 6, 2012); *Tift II*, C08-332, Dkt. No. 14 (W.D. Wash. June 10, 2008). Therefore, Plaintiff should be aware of the requirements for serving a federal government agency.

ORDER REQUIRING SERVICE OF PROCESS AND FURTHER BRIEFING - 2

Plaintiff also fails to establish that service is unnecessary on nominal defendant Bank of America, providing no legal authorities regarding service on nominal defendants to guide the Court's determination. The Fourth Circuit decision that Plaintiff cites for the proposition that "[n]o cause of action is asserted against a nominal defendant" does not even mention service of process. *See Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002); *see also* Dkt. No. 10 at 2.

Critically, Plaintiff failed to provide the certification required under the Bar Litigant Order as requested by this Court. As explained in the Order to Show Cause, Plaintiff is a serial litigant in this District—and even against some of the parties at issue here—and should be well aware of Court rules as well as the Bar Order to which he is subject. Dkt. No. 8 at 2. The Bar Order requires Plaintiff to provide "the factual and legal basis for [each future legal claim filed in this District], and the reasons why it falls outside the scope of this Order," which restricts him from filing any claim against specific parties or relating to a particular set of claims, defenses, evidence, or representations. *See Tift v. Ball*, C07-276, at *6 (W.D. Wash. May 16, 2008). Plaintiff has merely filed a statement reproducing Rule 11(b) (Dkt. No. 10 at 2–3), which is clearly not what the Court requested.

Plaintiff has alleged that Defendant McFadden is "a rogue revenue agent" (presumably with the IRS), so it appears that he has correctly served a United States employee. Pursuant to Rule 4, the Court is thus required to allow Plaintiff a reasonable time to cure the failure to properly serve the United States. *See* Fed. R. Civ. P. 4(i)(4).

### III. CONCLUSION

The Court GRANTS Plaintiff one more opportunity to: (1) perfect service on the United States and the Internal Revenue Service; (2) provide legal authorities for inclusion of Bank of America as an un-served nominal defendant in this case; and (3) explain why this case falls

outside of the scope of the Bar Order. If Plaintiff fails to perfect service or make the showings required by this Order **within thirty (30) days (*i.e.*, by December 22, 2023**), this case shall be dismissed with prejudice (without leave to re-file).

Dated this 22nd day of November 2023.

Tana Lin
United States District Judge