UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY S. TIFT,<br><br>               Plaintiff,<br>    v.<br><br>PETER P. MCFADDEN et al.,<br><br>               Defendants. | CASE NO. 2:23-cv-00999-TL<br><br>ORDER DECLINING TO VOLUNTARILY RECUSE |

This matter comes before the Court on Plaintiff Gregory Tift's Motion for Recusal. Dkt. No. 14. Having reviewed the motion and relevant record, the Court DENIES the motion.

## I.   BRIEF BACKGROUND

Plaintiff Tift seeks to quash a summons sent by the Internal Revenue Service ("IRS") to Bank of America. Dkt. No. 1. Plaintiff is proceeding *pro se* (without an attorney) and is a Bar Order litigant within this District. *See Gregory S. Tift v. Michael D. Ball, et al.*, No. C07-276, 2008 WL 11389469, at *6 (W.D. Wash. May 16, 2008) ("the Bar Order").

On November 22, 2023, the Court issued an Order to Show Cause regarding improper service and failure to certify that this case falls outside the scope of the Bar Order. Dkt. No. 8.

Plaintiff's response (Dkt. No. 10) was deficient, as it failed (1) to show proper service on all but one defendant, (2) to justify lack of service on nominal defendant Bank of America, and (3) to certify that the instant case falls outside of the scope of the Bar Order (*see* Dkt. No. 11 at 2–3). Despite these failures, the Court allowed Plaintiff one more opportunity to perfect service, to provide the requested legal authorities regarding service on the nominal defendant, and to certify that the Bar Order does not preclude bringing this case. *Id.* at 3–4.

## II. LEGAL STANDARD

"[Judges] are as bound to recuse [them]selves when the law and facts require as [they] are to hear cases when there is no reasonable factual basis for recusal." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (internal citations omitted). A judge must voluntarily recuse herself if, *inter alia*, her "impartiality might reasonably be questioned" or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Once a party has made a timely and sufficient showing that a district court judge has such a bias or prejudice "against [them] or in favor of any adverse party," the case must be reassigned. 28 U.S.C. § 144. In close cases, the balance tips in favor of recusal. *Holland*, 519 F.3d at 912 (internal citation omitted).

Under this Court's Local Civil Rules, if a judge challenged under 28 U.S.C § 144 or 28 U.S.C. § 455 declines to voluntarily recuse herself from a case, "she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

## III. ANALYSIS

Plaintiff brings the motion based on "acquisition of extrajudicial knowledge of the proceedings and key facts that are relevant to the outcome," causing alleged bias against him. Dkt. No. 14 at 4–5. Plaintiff claims that the Court is no longer neutral based on its orders requesting adherence to service of process requirements and the Bar Order to which Plaintiff is

subject. *Id.* at 2. Plaintiff takes particular issue with the Court's statement that a repeated failure to cure the deficiencies identified would result in dismissal of his case without leave to re-file. *Id.*

As the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions a judge forms based on "facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (internal citation omitted).

Plaintiff has not stated grounds for recusal. No reasonable person would question the Court's impartiality based on its prior rulings in this case, and there is no evidence of acquisition of extrajudicial knowledge that could taint this Court's proceedings. "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). The Court's Order points out the specific procedural requirements Plaintiff failed to follow but that Plaintiff, like every litigant, must follow.

Indeed, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (internal citations and quotation marks omitted).

//

//

//

//

//

//

### IV. CONCLUSION

For the above reasons, the Court DENIES the Motion for Recusal. Dkt. No. 14. The Court further DIRECTS the Clerk to refer the recusal motion to Chief Judge David G. Estudillo for further review, as required under the Local Civil Rules.

Dated this 26th day of December 2023.

Tana Lin
United States District Judge