UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY S. TIFT,<br><br>  Plaintiff,<br>  v.<br><br>PETER P. MCFADDEN et al.,<br><br>  Defendants. | CASE NO. 2:23-cv-00999-TL<br><br>ORDER DISMISSING CASE |

This matter is before the Court on Plaintiff Gregory Tift's failure to serve Defendants as instructed in the Court's prior Order (Dkt. No. 11) and Defendant United States of America's Motion to Dismiss (Dkt. No. 12),[1] to which Plaintiff did not file a response. For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss.

I.   BACKGROUND

Plaintiff filed a complaint on June 30, 2023, seeking to quash a summons issued by the Internal Revenue Service ("IRS") to Bank of America. Dkt. No. 1 (complaint). The IRS

---

[1] The motion is filed solely on behalf of the United States of America, which argues that it is "the only proper defendant" in the suit. Dkt. No. 12 at 8.

withdrew the summons at issue on November 2, 2023. Dkt. No. 12 at 2; Dkt. No. 12-2 at 17 (letter from IRS revenue officer to Bank of America).

## II. DISCUSSION

Local Civil Rule 7(b)(2) provides that, outside of the summary judgment context, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Because Plaintiff failed to respond, all of Defendant's arguments are deemed to have merit. Further, a plaintiff's case can be dismissed for failure to follow a district court's local rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming district court's granting of defendants' motion to dismiss where plaintiff failed to file an opposition to defendants' motion). However, a court is required to weigh several factors before dismissing an action for such a failure: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Id*. at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These factors weigh strongly in favor of dismissal.

### A. The Public's Interest in Expeditious Litigation

Dismissal serves the public interest as "expeditious resolution of litigation when a plaintiff's noncompliance has caused the action to come to a halt." *Rendon v. Cnty. of Orange*, No. C21-56163, 2022 WL 16832810, at *1 (9th Cir. 2022) (cleaned up) (quoting *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006)). This is especially true in the present case, where Plaintiff is a Bar Order litigant who has previously filed similar cases that were dismissed in defendants' favor within this District. *See Tift v. IRS & Richard Ped*, No. C11-1673, Dkt. No. 20 (W.D. Wash. Feb. 6, 2012) (dismissing Mr. Tift's petition to quash IRS summons issued to Bank of America where Plaintiff failed to respond to the motion to dismiss despite

being granted additional time to respond); *Tift v. IRS & Mel Hammer*, No. C08-332, Dkt. No. 14 (W.D. Wash. June 10, 2008) (dismissing with prejudice Mr. Tift's motion to quash IRS summons issued to Bank of America where withdrawal of the summons rendered his petition moot).

### B.     Court's Need to Manage Its Docket

Second, this case has already unnecessarily consumed Court attention and resources "that could have been devoted to other cases" on its docket, due to Plaintiff's repeated noncompliance and dilatory litigation tactics. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert denied.* 538 U.S. 909 (2003); *see also, e.g.*, Dkt. No. 14 (Plaintiff's filing of a recusal motion instead of responding to the Court's prior Order or the pending motion to dismiss).

Not only did Plaintiff fail to respond to Defendant's motion but Plaintiff also has failed to perfect service of process or otherwise comply with the Court's October 30 or November 22 Orders, despite having had multiple opportunities to do so. *See* Dkt. Nos. 8, 11. The most recent Order warned Plaintiff that his case would be dismissed with prejudice if he failed to make the requisite showings by December 22. Dkt. No. 11 at 4. To date, Plaintiff still has made no attempt to comply.

### C.     Prejudice to Defendants

The third factor, risk of prejudice to defendants, is neutral.

### D.     Public Policy

A petition to quash a summons is mooted by the withdrawal of that summons. *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1111 (9th Cir. 2007); *accord United States v. Vaught*, Nos. C18-452, C20-280, C20-281, 2021 WL 2043067, at *3 ("Many courts have held that the withdrawal of an IRS summons moots a petition to quash that summons." (collecting cases)). Therefore, the public policy favoring disposition of cases on their merits leans towards

dismissal, given that Plaintiff's case can and should be dismissed on the merits following the withdrawal of the summons he challenges. *See Pac. Fisheries, Inc.*, 484 F.3d at 1111.

**E.     Availability of Sanctions**

There is no less drastic sanction available than dismissal because controlling caselaw establishes that the case must be dismissed as moot. *See supra* Section II.D.

### III.     CONCLUSION

Plaintiff's complaint may be deficient for additional reasons, but the Court need not investigate further. Defendant's motion to dismiss is GRANTED and the case is DISMISSED WITH PREJUDICE.

Dated this 29th day of February 2024.

Tana Lin
United States District Judge